O

1
2
3
4
5
6
7
8

# United States District Court
# Central District of California

9
10
11

12  BRUCE A. STEVENSON,                      Case No. 2:09-cv-06497-ODW(PLAx)

13              Plaintiff,

14       v.                                  **ORDER DENYING PLAINTIFF'S**

15  LOS ANGELES UNIFIED SCHOOL              **PETITION TO REOPEN CASE [65]**

16  DISTRICT; UNITED TEACHERS OF

17  LOS ANGELES; PHYLLIS KLEIN;

18  ROBERT BUCHMAN; A.J. DUFFY;

19  DOES 1 through 10, inclusive.,

20              Defendants.

21       On July 2, 2014, Plaintiff Bruce A. Stevenson filed a Petition to Reopen Case

22  (ECF No. 65.)  However, the document uploaded as the "petition" does not actually

23  request any relief.  (*Id.*)  Rather, it is a single page that merely recites five ostensible

24  reasons to reopen the case: (1) the case was illegally dismissed; (2) there was an

25  "illegal denial of senior teacher's tenure rights;" (3) Stevenson was not afforded due

26  process; (4) Stevenson was not afforded equal protection; and (5) "9th district

27  jurisdictional denial requires case to be heard and adjudicated."  (*Id.*)

28  / / /

1     On the same day, the Court received an improper ex parte communication in
2 violation of Local Rule 83-2.11, allegedly from a nonparty named Wayne Kempton.
3 (ECF No. 66.)  The letter was rejected but filed on the docket.  (*Id.*)  The letter states
4 that Kempton represents Stevenson—in what capacity is unknown—and more fully
5 lists the reasons the case should be reopened.  Because Stevenson is *pro se*, the Court
6 will briefly address these contentions, despite their improper filing.

7     The letter states that Stevenson was never legally notified of the dismissal and
8 that his amended pleadings were never entered by the Court.  (*Id.*)  Thus, Kempton
9 urges the court to "simply re-open the case and adjudicate the evidence."  (*Id.*)
10 Kempton, and perhaps Stevenson, misunderstand the procedural history of this case.

11     Five motions were filed in this case.  (ECF Nos. 29, 31, 33, 35, and 37.)
12 Defendants Cortines and the District moved to dismiss Stevenson's Complaint for
13 failure to state a claim on theories of res judicata and collateral estoppel.[1]  (ECF
14 No. 29.)  Defendants Duffy and UTLA moved to dismiss for lack of subject-matter
15 jurisdiction because the  California Public Employees Relations Board (PERB) had
16 statutorily mandated exclusive jurisdiction over his claim.  (ECF Nos. 33.)

17     Stevenson moved for entry of default judgment (ECF No. 31), and then filed
18 two motions for summary judgment on the issues of age discrimination.  (ECF
19 Nos. 35, 37.)  On May 10, 2010, Stevenson filed a Notice of Nonopposition to
20 Cortines and the District's Motion to Dismiss, "contingent on the Court's granting of
21 leave to amend his First Amended Complaint."  (ECF No. 39.)

22     On June 28, 2010, the Court granted the Defendants' motions to dismiss and
23 denied Stevenson's motions for default and summary judgment.  (ECF No. 48.)  The
24 Court found that it did not have subject-matter jurisdiction over Stevenson's claims
25 against Duffy and UTLA's Motion, and therefore dismissed without leave to amend.

26

27 [1] Steven filed an action in Los Angeles Superior Court against the District on October 9, 2007, under
California's Fair Employment and Housing Act ("FEHA").  For a more complete discussion of that
28 underlying case see the Court's June 28, 2010 Order Granting Defendants' Motions to Dismiss.
(ECF No. 48.)

(*Id.*)  The Court also granted Cortines and the District's Motion to Dismiss because it found that the Superior Court's grant of summary judgment on all of Stevenson's claims in favor of the District constituted a final adjudication of each claim on the merits, which had preclusive effect in this Court.  (*Id.*)  The Court additionally found that "even a cursory comparison of [Stevenson's] state court complaint with the operative pleading before the Court reveals that the two are nearly identical."  (*Id.*)  Accordingly, the Court found that Stevenson was barred from relitigating any of his claims against the District and Cortines.  (*Id.*)

Stevenson then waited over a year to file an appeal to the Ninth Circuit.  (ECF No. 57.)  On September 14, 2011, the Ninth Circuit issued an Order Re. Notice of Appeal dismissing his appeal for lack of jurisdiction because Stevenson did not file his appeal within 180 days after this Court's June 28, 2010 dismissal Order.  (ECF No. 61.)  Nowhere in the Ninth Circuit's Mandate does the Court, as Stevenson asserts, "require[] [this] case to be heard and adjudicated."  (ECF No. 65.)

Stevenson's claims have already been adjudicated on the merits.  Although Kempton argues that Stevenson was not informed that his amended pleadings were never entered by the Court, there were no amended pleadings that could have been filed, as Stevenson's Complaint was dismissed *without leave to amend.*  Stevenson was simply not diligent in appealing the Court's Order dismissing his Complaint.  Accordingly, the Court **DENIES** Defendant's Petition.  (ECF No. 65.)

**IT IS SO ORDERED.**

July 11, 2014

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

3